

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUJUN WANG,<br><br>                               Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE,<br><br>                               Respondents. | Case No.: 26-cv-1133-JES-BJW<br><br>**ORDER:**<br><br>**(1) DENYING PETITION FOR WRIT OF HABEAS CORPUS WITHOUT PREJUDICE; and**<br><br>**(2) DENYING MOTION TO VACATE ORDER TO SHOW CAUSE AS MOOT**<br><br>**[ECF Nos. 6, 11]** |

Before the Court is Petitioner Lujun Wang's ("Petitioner") Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 6. Pursuant to the Court's Order to Show Cause (ECF No. 8), Respondents filed a return and Petitioner filed a traverse. ECF Nos. 9-10. After due consideration and for the reasons below, the Court **DENIES WITHOUT PREJUDICE** the petition. The Court also **DENIES AS MOOT** Respondents' motion to vacate the Order to Show Cause. ECF No. 11.

//

//

1

## I.   BACKGROUND

Petitioner is a native of China, and crossed into the United States on February 4, 2023. ECF No. 6 at 3. He was apprehended and placed into removal proceedings. ECF No. 9 at 1-2. On February 8, 2023, he was released on his own recognizance. *Id.* Since his release, he has been living in Los Angeles, applied for asylum, obtained a work permit, and has a social security number and driver's license. ECF No. 6 at 3.

On May 29, 2025, after he dropped an Uber customer off in San Diego, he was apprehended by Immigration and Customs Enforcement ("ICE") agents. *Id.* At that time, he alleges that he was never given any reasons for his detention, nor provided any notice or opportunity to contest his detention. *Id.* He has since been held at Otay Mesa Detention Center. *Id.*

While he was in detention, on October 3, 2025, Petitioner requested and was granted voluntary departure. *Id.*; ECF No. 9 at 2. Subsequently, on October 26, 2025, Petitioner filed a motion to reopen the proceedings, which was granted but resulted now in a final order of removal. *Id.*

Based on these facts, Petitioner raises two claims. First, Petitioner argues that Respondents violated procedural due process in the manner that he was re-detained due to his preexisting parole. ECF No. 6 at 4-7. Second, Petitioner argues that removal is not likely in the reasonably foreseeable future. *Id.* at 8-12.

## II.   LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in

26-cv-1133-JES-BJW

that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

### III.    DISCUSSION

Respondents argue that with a final order of removal, Petitioner is now detained under 8 U.S.C. § 1231. ECF No. 9 at 2. Due to the unique procedural posture of this case resulting in the final order of removal during the pendency of Petitioner's current detention, the Court agrees.

Petitioner was previously released on his own recognizance ("OREC"). Courts have recognized that typically, the term "released on their own recognizance" or "OREC" refers to conditional parole under 8 U.S.C. § 1226(a). *J.S.H.M v. Wofford*, No. 1:25-CV-01309 JLT SKO, 2025 WL 2938808, at *6 (E.D. Cal. Oct. 16, 2025); *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) ("It is apparent that the INS used the phrase 'released on recognizance' as another name for 'conditional parole' under § 1226(a)"). When Petitioner was detained in May 2025, within the borders of the United States, courts have held that such detention is still governed by § 1226. *See Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC (EMC), 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (holding § 1226 applies to petitioner who was paroled into the country on her own recognizance); *Sampiao v. Hyde*, No. 1:25-CV-11981-JEK, 2025 WL 2607924, at *8 (D. Mass. Sept. 9, 2025) (same); *Lopez Benitez v. Francis*, No. 25 CIV. 5937 (DEH), 2025 WL 2371588, at *9 (S.D.N.Y. Aug. 13, 2025) (same).

However, once an immigration court enters a final order of removal, § 1231 governs the detention. Under this provision, the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A)-(a)(2)(A). The government shall detain the alien in custody during the initial 90-day removal period by statute. *Id.* In *Zadvydas*, the Supreme Court held that when the government is unable to remove an alien within 90 days, the alien may seek review of the reasonableness of their continued

detention under the due process clause through petition for writ of habeas corpus. 533 U.S. at 687. The Court instructed courts to analyze whether continued detention beyond the 90-day period "exceeds a period reasonably necessary to secure removal," based on "the [removal detention] statute's basic purpose, namely, assuring the alien's presence at the moment of removal." *Id.* at 699. The Court has held that it is presumptively reasonable for the government to detain an alien for a period of 6 months while it works to effectuate his removal after issuing a final order of removal against him. *Id.* at 701. Beyond that period, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute" and grant the petition for writ of habeas corpus. *Id.* at 699-700.

It is not disputed that there is now a final order of removal against Petitioner. Thus, detention is now governed by § 1231 by statute. The Court finds that the issues raised in the petition related to the validity of detention under § 1226 are no longer properly before it. Under the § 1231 framework as outlined above, Petitioner's removal period clock started on October 26, 2025, when his removal became final. Thus, to date, his detention period is just under five months, which is still within the presumptively reasonable period articulated in *Zadvydas*.

Accordingly, at this time, the Court must **DENY** Petitioner's petition. The denial, however, is **WITHOUT PREJUDICE** to Petitioner refiling should his detention post-removal detention extend past the 6-month period of presumptive reasonableness.

## IV.  CONCLUSION

For the reasons discussed above, the Court **DENIES** the Petition **without prejudice**. In light of this ruling, the Court **DENIES AS MOOT** Respondents' motion to vacate the order to show cause.

//

//

//

//

26-cv-1133-JES-BJW

The Clerk is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 20, 2026

Honorable James E. Simmons Jr.
United States District Judge

26-cv-1133-JES-BJW